UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK GERARD TORMEY, | CASE NO. C26-1153-KKE |
| Plaintiff(s), | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| MARKWAYNE MULLIN, et al.,[1] | |
| Defendant(s). | |

Plaintiff Mark Gerard Tormey filed this lawsuit, seeking an order compelling Defendants to adjudicate an immigration petition. Defendants filed a motion to dismiss for a lack of subject matter jurisdiction, and notified the Court that the immigration petition has been adjudicated. Because USCIS has adjudicated the immigration petition, there is no longer a live case or controversy before the Court. Thus, as detailed below, the Court will grant the motion to dismiss.

## I.    BACKGROUND

Plaintiff Mark Gerard Tormey, representing himself, filed this action on April 6, 2026 requesting that the Court issue a writ of mandamus to compel Defendants U.S. DHS Secretary and the Director of the USCIS to adjudicate a "Form I-129F Petition for Alien Fiancée" ("Petition").

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Markwayne Mullin, who is the current Secretary of the United States Department of Homeland Security ("DHS"), for Alejandro Mayorkas, and Joseph Edlow, who is the current Director of the United States Citizenship and Immigration Services ("USCIS"), for Ur M. Jaddou.

ORDER GRANTING MOTION TO DISMISS - 1

Dkt. No. 1 at 1. Tormey asserts that Defendants unreasonably delayed adjudication of the Petition in violation of the Administrative Procedure Act ("APA"). *Id.* at 1–2. On June 2, 2026, Defendants United States Citizenship and Immigration Services ("USCIS") moved to dismiss this case, arguing that Tormey's lawsuit is now moot because USCIS has adjudicated the Petition. Dkt. No. 5; *see also* Dkt. No. 6-1 (USCIS's denial of the Petition). Thus, according to Defendants, the Court lacks subject matter jurisdiction. *Id.* at 1–2. Tormey did not file an opposition to the motion to dismiss.

## II.    ANALYSIS

### A.    Legal Standard

A Rule 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction to hear the claims at issue. *See* Fed. R. Civ. P. 12(b)(1). "An attack on subject matter jurisdiction may be facial or factual." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," but in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Defendant's motion to dismiss presents a factual challenge. Dkt. No. 5 at 2.

### B.    The Court Lacks Jurisdiction Over this Case Because No Case or Controversy Remains.

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481

ORDER GRANTING MOTION TO DISMISS - 2

(1982)) (some internal quotation marks omitted). "In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC,* 100 F.3d 1451, 1458 (9th Cir. 1996)). "Federal courts lack jurisdiction to consider moot claims." *Id.* at 1172.

Because USCIS has adjudicated the Petition, Tormey has achieved the relief that he sought when he filed this lawsuit. *See* Dkt. No. 1 at 1–2. Tormey has not identified any further live issues for the Court to consider or relief that could be granted. Additionally, the Court construes Tormey's failure to file an opposition as a concession that Defendants' motion has merit. Local Rules W.D. Wash. LCR 7(b)(2). Thus, the Court will grant Defendants' motion to dismiss. Dkt. No. 5.

### III.  CONCLUSION

The Court GRANTS Defendants' motion to dismiss (Dkt. No. 5), and dismisses this matter without prejudice. The Clerk is instructed to close this case.

Dated this 2nd day of July, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 3